BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 18 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE BUFFALO VALLEY GAS AUTHORITY ) DOCKET NO. 271
LITIGATION                          )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY*, JUDGES OF THE
PANEL.

PER CURIAM

    This litigation includes three actions, one each pending in the Eastern District of Oklahoma, the Southern District of New York, and the District of Arizona. All these actions arise out of the creation of the Buffalo Valley Gas Authority (the Authority) in southeastern Oklahoma, the purchase and construction of its facilities, and the sale of its bonds to the public.

    On July 1, 1973, the three trustees of the Authority entered into a bond indenture with Commercial and Industrial Bank of Memphis (C & I) as mortgagee and bond trustee. Pursuant to the indenture, the Authority's trustees issued and sold revenue bonds in the total principal amount of $700,000 (the first bonds). The funds realized from the sale of the first bonds were to be used for the construction of a natural gas transmission system (the system) to serve three small Oklahoma towns.

---

*Judges Becker and Caffrey were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

The Authority entered into contracts with Wyoming Oil and Gas Company (Wyoming) for the construction, operation, repair and maintenance of the system. After the first bonds were issued, Wyoming began construction of the system.

In late 1973, C & I and the Authority entered into first and second supplemental bond indentures. Pursuant to these supplemental indentures, the Authority issued and sold additional revenue bonds in the total principal amount of $770,000 (the second bonds). Both the first and second bonds were secured by the same assets and revenues of the Authority. The revenue realized from the second bonds was to be used for the purchase of a natural gas well from Wyoming and to extend the system to serve additional customers.

At the present time, the system has not been completed and Wyoming apparently is no longer in business. Although the system is partially in operation under the supervision of a receiver appointed by an Oklahoma state court, the bondholders have not received any interest due subsequent to January 1, 1975.

The New York action was commenced in March 1975 and is brought as a class action on behalf of all purchasers of revenue bonds issued by the Authority. Plaintiffs in this action assert claims under the federal securities statutes and under the theories of common law fraud and negligence.

The complaint basically alleges a conspiracy to create a natural gas district, to purchase a gas well and sell it to the Authority at an exorbitant profit, to skim funds from the construction of the system, and to fund these endeavors by selling bonds to the public. The complaint also alleges that the offering statements concerning both the first and second bonds contain material misstatements and fail to disclose material facts. Named as defendants are C & I; Wyoming; the Authority and its trustees; several individuals involved in the creation of the Authority and the construction of its facilities; and certain underwriters, law firms and attorneys involved in issuance of the bonds. In addition, Judge Thomas P. Greisa, to whom the New York action has been assigned, recently granted the motion of the Authority's receiver to intervene as a defendant in the New York action.

On July 7, 1976, Judge Greisa denied a motion brought by C & I, one of the defendant law firms and one of the defendant underwriters to transfer the New York action to the Eastern District of Oklahoma pursuant to 28 U.S.C. §1404(a).

The Arizona action was filed in July 1976 both individually and as a class action on behalf of the purchasers of the first bonds. The complaint is founded upon the same conspiracy alleged in the New York action and is brought under the federal securities statutes and under the theories of, *inter alia*, common law fraud, misrepresentation, breach of

fiduciary duty and breach of contract. All the defendants in the New York action except the underwriters and one law firm are also named as defendants in the Arizona action.

On September 13, 1976, Judge Griesa granted the motion of plaintiffs in the Arizona action to intervene in the New York action and to adopt the complaint filed in that action. Thus the Arizona plaintiffs presently seek in the New York action to represent a subclass of the purchasers of the first bonds. These plaintiffs apparently have advised Judge Greisa that they would not presently seek discovery in the Arizona action.

The Oklahoma action was commenced by C & I in October 1975. C & I filed an amended complaint in this action on July 1, 1976, which names Wyoming, the Authority, the Authority's trustees and several individuals involved in Wyoming as defendants. This complaint alleges that defendants breached their agreements with C & I as bond trustee. C & I seeks specific performance to complete construction of the system, damages for delays and defects in construction of the system, damages for unpaid operating expenses of the system, and an accounting. C & I also includes a count based upon the alleged lack of an arm's length transaction regarding Wyoming's sale of the natural gas well to the Authority.

C & I, defendant in the New York and Arizona actions and plaintiff in the Oklahoma action, moves the Panel for an order transferring the New York and Arizona actions to

the Eastern District of Oklahoma for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. The intervenor-defendant in the New York action and two defendants in both the New York and Arizona actions join in this motion. Two defendants in the New York action join in the motion to the extent that the Arizona and New York actions should be placed in a single district for coordinated or consolidated pretrial proceedings. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

Movants concede that the allegations in the New York and Arizona actions are broader than the allegations in the Oklahoma action because the latter does not involve issues relating to sale of the bonds. Nevertheless, movants assert that issues concerning those who organized the Authority, why they did so, how the Authority was operated, and whether it was ever possible for the Authority to sell natural gas to the public on a profitable basis are central to the claims in all three actions. Absent Section 1407 proceedings, these parties maintain, there is a danger of duplicative discovery and conflicting class and other pretrial rulings.

Although the New York and Arizona actions involve substantially similar allegations, we believe that the intervention of plaintiffs in the Arizona action into the New York action, and the apparent willingness of those plaintiffs to cease activity in the Arizona action while the New York action proceeds, obviate any danger of duplicative pretrial

proceedings or conflicting class determinations between those two actions. Moreover, under these circumstances, the disposition of the New York action could have a res judicata effect on the Arizona action. Thus, there is no need for transfer under Section 1407 regarding the Arizona action. This leaves the Oklahoma and New York actions. While we recognize that the Oklahoma and New York actions may share some minimal questions of fact concerning the underlying fraud alleged in the New York action, movants have not met their burden of demonstrating that these factual questions are complex enough to justify transfer under Section 1407. See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969). The Oklahoma action is essentially a simple breach of contract action and will focus on the contractual relationship between plaintiff C & I and the defendants in that action. The New York action, on the other hand, is much more extensive than the Oklahoma action and will center on the alleged conspiracy and the issuance of the revenue bonds.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

DOCKET NO. 271

### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Commercial & Industrial Bank of Memphis, etc. v. Wyoming Oil & Gas Corp., et al. | Civil Action No. 75-287-C |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jack Baron, et al. v. Commercial & Industrial Bank of Memphis, et al. | Civil Action No. 75 Civ. 1274 |

### DISTRICT OF ARIZONA

| | |
|---|---|
| George A. Vincent, Jr., et al. v. Commerical & Industrial Bank of Memphis, et al. | Civil Action No. 76-457-PHX WEC |